### No. 13,540

### Orleans

### HALPERN v. CORNELISON ET AL.

(April 13, 1931. Opinion and Decree.)

Solomon S. Goldman, of New Orleans, attorney for plaintiff, appellant.

Harold J. Winling, of New Orleans, attorney for defendants, appellees.

WESTERFIELD, J. Charles J. Cornelison, with his father, James B. Cornelison, as surety, rented a picture show from plaintiff for the sum of $75 per month for eleven months. One month's rent was paid in cash, and ten notes of $75 each were issued for the balance of the rent. The notes were not paid, and plaintiff brings this suit against father and son praying for judgment in solido.

In a joint answer both defendants set up fraud on the part of plaintiff in executing the lease, in that the gross receipts of the picture show which had been operated by plaintiff had been misrepresented. The son, Charles J. Cornelison, prayed for judgment in reconvention for $140 representing the first month's rent of $75 and $65 which he had paid for a stage curtain.

The trial court held that no fraud had been practiced upon Chas. J. Cornelison, and rendered judgment against him as prayed for, and he has not appealed. As to James B. Cornelison, the father, it was held that he had been deceived by fraudulent representations, as a result of which he was induced to sign the lease as surety, and the suit as against him was dis-

missed, and judgment in reconvention in his favor and against plaintiff for the sum of $140 was awarded. Plaintiff has appealed.

Since Charles J. Cornelison has not appealed, we are only concerned with the propriety of the judgment in favor of James B. Cornelison, his father. In so far as the finding of fact upon the question of fraud raised by the pleadings is concerned, we are of the opinion that it is sustained by the record, but in awarding James B. Cornelison judgment in reconvention we are of opinion that the trial court was in error. To begin with, judgment in reconvention is only asked in the name of Charles J. Cornelison, and it is admitted in the answer that the first month's rent was paid and the curtain bought by Charles, and not James Cornelison. It is true that on the trial of the case it developed that the funds for that purpose were obtained from the father, but that fact does not alter the situation.

The trial court found that no fraud was practiced on the son, but only with reference to the father who did not sublease the show, or buy the curtain, his only connection with the transaction being as surety on the lease. The judgment in reconvention in his favor must be reversed.

For the reasons assigned, it is ordered that the judgment appealed from, in so far as it runs in favor of James B. Cornelison on the main demand, is affirmed. It is further ordered that the judgment in favor of James B. Cornelison and against plaintiff, Ben Halpern, for $140 in reconvention is reversed, and it is now ordered that there be judgment in favor of Ben Halpern and against James B. Cornelison dismissing his demand in reconvention. The costs of appeal to be paid by appellee.